**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **FLOR ALAS,** | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | |
| | * | **CIVIL NO. 1:25-cv-01524-JMC** |
| **UNITED STATES OF AMERICA,** | * | |
| **Defendant** | * | |

**MEMORANDUM OPINION AND ORDER ON MOTION TO ENFORCE**

Before the Court is Plaintiff's Motion to Enforce Settlement. (ECF No. 26). The Court has also reviewed Plaintiff's Opposition. (ECF No. 27). On September 14, 2026, the Court held a hearing on the motion. For the reasons set forth below, the Court DENIES Plaintiff's Motion (ECF No. 26).

**I. Background**

On June 29, 2026, by way of a Notice of Settlement, the parties alerted the Court that this tort case had resolved by agreement of the parties. (ECF No. 24). Accordingly, on that same date, the Court approved the Local Rule 111 order submitted by the parties, preliminary dismissing the matter and giving the parties 60 days to finalize the paperwork or, for good cause, to move to reopen during that same 60-day period, after which time the matter would be dismissed with prejudice. (ECF No. 25).

Prior to the expiration of that 60-day period, Plaintiff filed a Motion to Enforce Settlement on August 6, 2026. (ECF No. 26). Plaintiff argued that the Court should enforce the party's agreement on the material terms of the resolution, and overrule Defendant's insistence on certain release language contained in its "standard release." *Id*. Specifically, Plaintiff argued that Defendant's insistence on the

following language forced Plaintiff to acknowledge a fiction that Plaintiff was in receipt of the settlement funds prior to actually receiving them:

> Plaintiff, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, ***for good and valuable consideration, the receipt of which is hereby acknowledged***, release and forever discharge the United States, and its respective officials…(etc.)

(ECF No. 26-2 at 4 (emphasis added)).

For its part, Defendant argued that, in context, the "consideration" meant merely an acknowledgment by Plaintiff's that Plaintiff's receipt of the Government's *promise* to pay constituted good and valuable consideration, given that the preceding paragraph contained the payment logistics for the settlement funds, including that the Government would submit a request for payment within 5 days of Plaintiff signing the release and providing additional payment details. (ECF No. 27 at 3; 26-2 at 2). That is, Defendant defined the consideration as its promise, not its payment.

Defendant forwarded the release in the same email where Defense Counsel confirmed the settlement amount. (ECF No. 27-1 at 9-10). Plaintiff objected and proposed several compromises, from striking the "acknowledgment of receipt" language, modifying it to "in consideration of" or even holding payment in Plaintiff's counsel's escrow fund until Plaintiff signed the release. (ECF No. 26 at 2). Each of these options was to guard against a situation where Plaintiff released his claims, yet actual payment was never made. *Id*. Defendant's counsel could not get approval for any of these proposals, and insisted on the language as drafted. (ECF No. 27 at 4). At the hearing however, Defendant represented to the Court that if Plaintiff signed the release (with the disputed language), it would pay the agreed-to amount under the payment provisions in the release. Plaintiff, however, would still not sign the release if the disputed language were still present.

## II. Analysis

Generally, district courts may exercise their equitable power to endorse settlement agreements. *Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535, 540 (2002) (citing *Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981)). Plaintiff has two hurdles here, however: establishing the terms and conditions of the alleged agreement and, more fundamentally, establishing that this Court has subject

matter jurisdiction over the dispute.

A court cannot enforce a settlement until it concludes that a complete agreement has been reached and determines the terms and conditions of that agreement. *Id*. "[I]t is improper for the district court, by its own motion or by agreement of the parties, to place itself in the role of 'final arbiter' of a settlement agreement." *Id*. (quoting Ozyagcilar *v. Davis,* 701 F.2d 306, 308 (4th Cir. 1983). Stated otherwise, a district court only has "the power to enforce complete settlement agreements; it does not have the power to sit as a final arbiter and impose a settlement agreement where there was never a meeting of the parties' minds." *Stewart v. Coyne Textile Servs.*, 96 F. App'x 887, 888 (4th Cir. 2004).

As noted above, the parties both argue the correctness of their differing interpretations of the disputed language, and their efforts at attempting to compromise and reconcile same. Those efforts are commendable, but it is beyond the Court's limited role as described in *Hensley* to pick a side in that dispute or order some version of compromise. Instead, this Court must determine whether a *complete* agreement was reached and, if so, what its terms and conditions were. The Court cannot conclude that a complete agreement was reached based on a review of what appears to be the complete communications between the parties regarding the settlement.

First, Defendant's counsel's email confirmed not only the settlement amount but also attached the proposed terms of the agreement to that confirmatory email in the form of the draft agreement. (ECF No. 27-1 at 9-10). Plaintiff's response indicated Plaintiff would not agree to one of the terms, namely, the confirmation of receipt of consideration prior to receiving the actual settlement funds. (ECF No. 27-1 at 9). Thus, from the beginning, it is clear that the parties did not have a complete agreement. Second, though the parties made efforts to resolve the disputed language and reach a complete agreement, those efforts did not come to fruition. *Id*. at 6. Third, Defendant's counsel was not given authority to compromise on the disputed language, despite inquiring into such authority. (ECF No. 27 at 7). Absent such authority, an attorney may not bind a party to a settlement. *See Maxisiq, LLC v. Hurysh*, 2-cv-00314-JRR, 2026 WL 1955767 at 3 (D.Md. July 7, 2026).

At hearing, Plaintiff did not present additional correspondence or other evidence that would allow the Court to conclude that a complete agreement was reached. Therefore, the only record before the Court is based on the differing interpretations of the word "consideration" as set forth in email correspondence summarized above. Upon that record, the Court cannot conclude that a complete agreement was reached.

More fundamentally, however, the Court also concludes that it does not have subject matter jurisdiction over the dispute, which is a breach of contract issue governed by state law for $17,250 for which the Court did not otherwise retain jurisdiction in its dismissal order. (ECF No. 25). The inherent power generally present for a court to enforce agreements entered into regarding litigation pending before it does not provide a separate basis for subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375-78 (1994) ("enforcement of the settlement agreement….is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction"). Plaintiff's motion to enforce the settlement contract cannot invoke the Court's "federal question" jurisdiction under 28 U.S.C. 1331, and the amount in controversy--$17,250—fails the "amount in controversy" requirement for diversity jurisdiction under 28 U.S.C. 1332. There is also the fact that the Government has not waived sovereign immunity with regard to breach of contract claims and that jurisdiction of such claims lies, if at all, in the Court of Federal Claims. *See Frahm v. United States*, 492 F.3d 258, 262 (4th Cir. 2007) (statutory waiver of sovereign immunity for Title VII claims does not extend to monetary claims against Government for breach of settlement agreement); *Brown v. United States*, 389 F.3d 1296-97 (D.C. Cir. 2007) (motion to enforce Title VII settlement should have been brought in Court of Federal Claims).

## III. Conclusion

Accordingly, the Court DENIES Plaintiff's motion to enforce (ECF No. 26). Plaintiff may move to reopen the case within 30 days of the date of this Order or alternatively, sign the release as is, given the Government's representation to this Court that it would pay the agreed-to amount.

September 14, 2026

J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE